IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAROL L. MOST, | CV. 06-6114-AS |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | |
| Defendant. | |

ASHMANSKAS, Magistrate Judge:

Plaintiff, Carol Most ("Most"), filed a civil cover sheet naming Social Security as the defendant and alleging "my neck hurts, my back has spasims real bad. My hip gets pretty bad to where I can't walk very well. I hurt all the time and I can't hardly move very well." Jo Anne B. Barnhart, Commissioner of Social Security ("Defendant"), moves to dismiss the case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

<u>Legal Standard</u>

Courts grant motions to dismiss under Rule 12(b)(6) only if "it appears beyond a reasonable

doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." <u>Gibson v. United States</u>, 781 F.2d 1334, 1347 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. <u>Cassettari v. County of Nevada</u>, 824 F.2d 735, 737 (9th Cir. 1987).

When, as here, a plaintiff is appearing *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988). However, a liberal interpretation of the complaint may not supply essential elements of the claim not initially pled. <u>Pena v. Gardner</u>, 976 F.2d 469 (9th Cir. 1992).

Before dismissing a complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. <u>McGuckin</u>, 974 F.2d at 1055; <u>Karim-Panahi</u>, 839 F.2d at 623-24; <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. <u>Karim-Panahi</u>, 839 F.2d at 623; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1447 (9th Cir. 1987).

## Discussion

Most alleges only that she suffers from physical ailments. She does not allege any action, or failure to act, by the Defendant that caused her harm. In the absence of these allegations, Most has failed to state a claim for relief. However, if Most amends her complaint to allege that Defendant improperly denied her application for social security benefits in a final and appealable decision and sets forth valid reasons supporting her allegation that the denial was improper, Most

would cure the deficiencies in the "complaint" currently before the court. Most should be given this opportunity.

## Conclusion

Defendant's motion to dismiss (7) should be GRANTED without prejudice and with leave to Most to file a complaint curing the deficiencies noted above within 30 days of the adoption of this Findings and Recommendation. Most should be advised that failure to file an amended complaint within the time prescribed will result in the dismissal of this action with prejudice.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **October 23, 2006**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 5th day of October, 2006.

/s/ Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge